*Decisions will be entered under Rule 50.*

ROBERT L. ROOKE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 98112. Promulgated January 10, 1941.

*Victor E. Cappa, Esq.*, for the petitioner.
*Arthur W. Carnduff, Esq.*, for the respondent.

#### OPINION.

MURDOCK: The Commissioner determined a deficiency of $7,870.34 in the income tax of this petitioner for the calendar year 1935. The facts have been stipulated.

The petitioner, during the entire year 1935, was the life beneficiary of three trusts. The trustee of each trust was to receive and collect the rents, profits, and income of the trust property and, after paying charges and expenses, was to pay the net amount remaining to this petitioner during his life. The remainders went to certain individuals and charities. The petitioner was one of the trustees of each trust. Each trust owned and held some stock in two foreign personal holding companies and reported in its original return on Form 1040, as dividends received, its pro rata share of the undistributed adjusted net income of those two companies. The trusts did not actually receive and, of course, did not distribute to the petitioner any of those amounts. The petitioner did not report any of the amounts as a part of his income. The trusts reported the amounts under section 351 (d) of the Revenue Act of 1934, which is as follows:

(d) PAYMENT OF SURTAX ON PRO RATA SHARES.—The tax imposed by this section shall not apply if all the shareholders of the corporation include (at the time of filing their returns) in their gross income their entire pro rata shares, whether distributed or not, of the "adjusted net income" of the corporation for such year. Any amount so included in the gross income of a share-

holder shall be treated as a dividend received. Any subsequent distribution made by the corporation out of earnings or profits for such taxable year shall, if distributed to any shareholder who has so included in his gross income his pro rata share, be exempt from tax in the amount of the share so included.

The Commissioner has included all of the aforesaid amounts in the income of this petitioner and has given the following explanation:

The trust instruments relating to these trusts provide for the distribution of all of the income to you as the life beneficiary.

The examination further disclosed that during the taxable year the above-named trusts were the owners of all of the outstanding capital stock of two foreign personal holding companies, namely:

(1) Canadian Merchandise Holdings, Ltd.

(2) Dome, Ltd.

In accordance with the trustees' interpretation of the provisions of Section 351 of the Revenue Act of 1934, the trusts included in gross income reported on their income tax returns for the year 1935 their pro-rata shares of the undistributed domestic net income of the aforesaid personal holding companies for the year 1935.

Inasmuch as the trust agreements provide that the income of the trusts are to be distributed to you as the life beneficiary, and since, under the provisions of Section 351 (b)–1 of the Revenue Act of 1934, you, as the beneficiary of the trusts, are considered to be the owner of the capital stock of Canadian Merchandise Holdings, Ltd., and Dome, Ltd., the Bureau holds that the pro-rata shares of the undistributed domestic net income of these holding companies reported by the trusts do not constitute taxable income to the trusts, but should be included as such in your return.

Adjustments have been made accordingly.

Section 351 (b) (1), mentioned by the Commissioner, provides in part that, for the purpose of determining the ownership of stock in a personal holding company, stock owned by a trust shall be considered as being owned proportionally by its beneficiaries. We need not decide here whether the Commissioner could tax a corporation under section 351 (a) where a trust-stockholder rather than the beneficiary had reported under (d). But, if (d) is not complied with, the alternative is to impose the tax on the corporation under (a), and the Commissioner may not force a beneficiary to report under (d) where he has not chosen to do so. Cf. *Zaida Clay*, 40 B. T. A. 562; *Estate of Daniel C. Bleser*, 41 B. T. A. 643.

*Decision will be entered under Rule 50.*